MR. JUSTICE HARRISON,
dissenting.
This Court in a series of opinions commencing with State v. Brecht, supra, 1971, and ending with our latest case of State v. Hyem, supra, 1981, has established that the exclusionary rule is applicable to both public and private citizens. However, as Mr. Justice Morrison, so ably noted in his dissent in Hyem, (supra), Montana is the one state in fifty that has extended the exclusionary rule to private actions. This has, in my opinion, caused considerable problems within the criminal law field and while I have disagreed with the views of the majority from their inception, my one and only reason for speaking out again is in expectation that a middle-ground approach can be made by this Court in some future case that will not be quite as extensive as our present rule.
I would hold that evidence should not be suppressed *538 under the exclusionary rule where it is discovered by officers or private persons in a course of actions that are taken in good faith and in the reasonable, though mistaken, belief that they are authorized. By recognizing that the present exclusionary rule exists to deter willful and flagrant actions by police, not unreasonable, good faith ones, perhaps an amicable solution to this problem in the law can be worked out. Examining not only our cases but cases outside this jurisdiction, I am of the opinion that costs to society of applying the present rule is beyond the purposes for which it exists and are simply too high a price to pay.